NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 222875
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3172
    Facsimile: (213) 894-0142
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF $120,002.33 IN FUNDS | No. 2:18-CV-02091-GW (JEMx)<br><br>UNITED STATES OF AMERICA'S OPPOSITION TO XUE JI'S PETITION FOR RELEASE OF SEIZED PROPERTY<br><br>Hearing Date:  May 7, 2018<br>Hearing Time:  8:30 a.m.<br>Ctrm:  9D<br><br>HONORABLE GEORGE H. WU |

Respondent United States of America (the "government" or the "United States") respectfully submits this Opposition to Xue Ji's ("Ji" or "petitioner") petition for release of seized property ("petition") pursuant to 18 U.S.C. § 983(f).

///

# MEMORNADUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In her petition, petitioner seeks the release of $120,002.33 in bank funds seized from an HSBC Account ending in 0495[1] ("seized bank funds"), pursuant to 18 U.S.C. § 983(f). The burden is on the petitioner to demonstrate that all five of the criteria in Section 983(f)(1)(A)-(E) have been satisfied, and that none of the statutory exceptions applies. See United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260, 264 (4th Cir. 2004) (citing Section 983(f)(6)).

For the reasons explained below, petitioner has failed to carry her burden. Her petition for the immediate release of the seized property should be denied

## II. STATEMENT OF FACTS

On November 29, 2017, Special Agents of the Federal Bureau of Investigation ("FBI") seized $120,002.33 on deposit in HSBC account number XXXX0495, held in the name of Xue Ji ("HSBC 0495"), pursuant to seizure warrant no. 17-MJ-02999, signed by the Honorable Alicia G. Rosenberg, United States Magistrate Judge. See, Declaration of Katharine Schonbachler ("Schonbachler Dec.") at ¶ 2; and Warrant, Exhibit ("Ex.") A to Schonbachler Dec. The Affidavit of FBI Special Agent Lance Kim submitted in support of the seizure warrant was filed, and remains, under seal due to an ongoing criminal investigation. Id.

The FBI initiated timely administrative forfeiture proceedings against the seized funds and sent petitioner a notice of the seizure on January 18, 2018. Schonbachler Dec. at ¶ 3. In response, on February 16, 2018, petitioner submitted a claim to the FBI to contest the administrative forfeiture of the seized funds. Id.

Prior to her submission of the administrative claim, petitioner submitted a petition for the return of property to the FBI on or about January 30, 2018. The FBI denied the petition on or about February 23, 2017. Schonbachler Dec. at ¶ 4; Ex. A to petition, p. 7

---

[1] Full account numbers have been redacted pursuant to L.R. 5.2-1.

In response to the administrative claim, the FBI referred the matter to the United States Attorney's Office, which has 90 days from the date of the FBI's receipt of the administrative claim to either return the property, commence a civil judicial forfeiture action against the property, or obtain an extension of the filing deadline from the district court. 18 U.S.C. § 983(a)(3)(A); Schonbachler Dec. at ¶ 5. The current civil forfeiture filing deadline is May 17, 2018.

## III. ARGUMENT

### A. The Applicable Standards

A petitioner who seeks relief pursuant to § 983(f)(1) is entitled to immediate release of seized property only if each of the five following requirements is satisfied:

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceedings; and
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1).

Paragraph (8) provides:

> This subsection shall not apply if the seized property—
> (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
> (B) is to be used as evidence of a violation of the law;
> (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or
> (D) is likely to be used to commit additional criminal acts if returned to the claimant.

18 U.S.C. § 983(f)(8).

### B. Petitioner's Own Admissions Show That She Is Not Entitled to Relief

Petitioner admits that she and her husband are Chinese citizens living in the United States on F-1 student visas. Petition, p. 3. She explains that the seized bank funds were a gift from her parents, intended to be used by her and her husband to pay expenses, and were deposited into her bank account in violation of Chinese law that limits the amount of money that can be transferred out of China to $50,000 during a one-year period. Petition p. 3-4. She admits that she and her parents attempted to circumvent the $50,000 limit by hiring illegal money transmitters Zhili Song and Dianwai Wang to move $120,000 from her parents' bank account in China to petitioner's bank account in the United States. Id. Finally, she admits that the reason she is seeking the immediate release of the seized bank funds is because she needs the funds to pay her personal bills. Id.

Petitioner has satisfied the requirement of § 983(f)(1)(A) that she establish a possessory interest in the seized funds. The funds were seized from an account that she owned and controlled. Petitioner arguably has also satisfied § 983(f)(1)(C), insofar as she has claimed that she has an "urgent need of the money to pay [her] bills for [her] childbirth and to support [her] family life," although she stops short of claiming that she will be rendered homeless if the requested relief is denied.[2]

However, petition cannot satisfy the other three mandatory elements for relief. Because petitioner admits that she is seeking the return of the money for the express purpose of spending it, she cannot satisfy the requirements of § 983(f)(1)(B), requiring her to provide "assurances that the property will be available at the time of trial," or § 983(f)(1)(D), requiring that her likely hardship in the absence of relief "outweighs the

---

[2] Moreover, petitioner stops short of stating explicitly that she lacks access to sources of support other than the seized funds, such as her family, her husband, or her husband's family. Ji admitted to agents in an interview that she received substantially more funds from her parents than the amount seized. The full details of the investigation that led to the seizure of the funds is set out in the sealed affidavit supporting the application for seizure warrant in Case No. 17-MJ-2999.

4

risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned…during the pendency of the proceedings."[3] Indeed, the loss or transfer of the funds here – if they are returned – is assured.

Finally, petitioner cannot satisfy the requirement of § 983(f)(1)(E) that none of the conditions of § 983(f)(8) apply. That provision provides that subsection (F) "shall not apply" where the property is money, unless the money "constitutes the assets of a legitimate business which has been seized." There is no dispute that the property here is money. It is likewise undisputed that these are personal funds (not funds of a business) and that no "legitimate business" has been seized.

Such funds are explicitly excluded from 983(f) relief regardless of how many of the other factors may have been satisfied. See United States v. One 2003 Mercedes Benz 8500 AMG, 2008 WL 2966263 (E.D. Mich. July 24, 2008) (denying release of the proceeds of an interlocutory sale to claimant who said she needed the money to pay bills); United States v. Huntington National Bank Account ****3558, 2007 WL 2713832 (S.D. Ohio 2007) (denying relief where petitioner sought the release of funds for use as payment for attorney and expert witness costs); United States v. $1,231,349.68 in Funds, 227 F. Supp. 2d 125, 129 (D.D.C. 2002) (denying release of seized funds because the likelihood that they would be unavailable for trial "is almost assured"); and U.S. v. Undetermined Amount of U.S. Currency, 376 F.3d at 265 (it was unnecessary to determine whether the petitioners could satisfy subparagraphs (C) or (E) after concluding that they could not satisfy subparagraph (D)).

A petitioner's failure to establish any one of the five criteria listed in § 983(f) requires that the petition be denied.

---

[3] See United States v. Various Gold, Silver and Coins, 916 F. Supp.2d 1182, 1186 (D. Or. 2013) (petition for the release of business assets pending trial must be denied where the petitioner has expressed his intent to dissipate the property to keep his business running); Kaloti Wholesale, Inc. v. United States, 525 F. Supp.2d 1067, 1070 (E.D. Wis. 2007) (petitioner's admission that it would sell its seized merchandise if it were released pending trial made release under section 983(f) impossible).

## IV. CONCLUSION

For the foregoing reasons, the United States requests that the Court deny the petition and dismiss this matter.

Dated: April 16, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

   /s/
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for United States of America

# DECLARATION OF KATHARINE SCHONBACHLER

I, Katharine Schonbachler, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, California, and am one of the attorneys responsible for the representation of Respondent United States of America in this matter. The facts stated herein are either within my personal knowledge or were made known to me by the FBI case agent or other official government sources that I believe to be reliable. If asked to do so, I could and would competently testify to these facts.

2. On November 29, 2017, Special Agents of the Federal Bureau of Investigation ("FBI") seized $120,002.33 on deposit in HSBC account number xxxx0495, held in the name of Xue Ji ("HSBC 0495"), pursuant to seizure warrant no. 17-MJ-02999 signed by the Honorable Alicia G. Rosenberg, United States Magistrate Judge. The Affidavit of FBI Special Agent Lance Kim submitted in support of the application for the seizure warrant was filed, and remains, under seal due to an ongoing criminal investigation. Attached as Exhibit A is a true and correct copy of the warrant.

3. The FBI initiated timely administrative forfeiture proceedings against the seized funds and sent petitioner a notice of the seizure on January 18, 2018. In response, on or about February 16, 2018, petitioner submitted a claim of ownership to the FBI to contest the administrative forfeiture of the seized funds.

4. In addition to her claim, petitioner submitted a petition for the return of property to the FBI on or about January 30, 2018, which the FBI denied on or about February 23, 2018. Petitioner attached a copy of the FBI letter to her Petition at pp. 7-8.

///

5.  After it received the administrative claim, the FBI referred the matter to the United States Attorney's Office, which had 90 days from the date of the FBI's receipt of the administrative claim to either return the property, commence a civil judicial forfeiture action against the property, or obtain an extension of the filing deadline from the district court.  18 U.S.C. § 983(a)(3)(A).  The current civil forfeiture filing deadline is May 17, 2018.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 16, 2018 at Los Angeles, California.

                                        */s/ Katharine Schonbachler*
                                        KATHARINE SCHONBACHLER